RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 OCT 13 A 10:59

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Sylvester Merriweather, # 240382, | ) C/A No. 2:10-2567-MBS-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Doris Poole, Chief Branch Div Classification of SCDC; SCDC; Ridgeland Correctional; Warden Levern Cohen; Ms. Myers, of Classification Case Worker; A/W Chris Burton; Cpl. Ford, of Ridgeland; DHO Shirley Singleton, SCDC, in their individual and official capacities, | ) |
| Defendants. | ) |

Plaintiff is an inmate at the Ridgeland Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case (Entry 1) and submitted along with a Motion for Leave to Proceed *in forma pauperis* (Entry 2), Plaintiff asserts civil-rights violations arising out of an alleged incident between Plaintiff and several correctional officers that took place on March 19, 2010, nearly seven months ago. According to Plaintiff, he was subjected to excessive force and was gassed and not provided medical assistance for nearly six hours. Plaintiff seeks damages and injunctive relief from prison officials and the correctional officers allegedly involved in the March 2010 incident. Additionally, Plaintiff claims that his constitutional right to due process was violated by several Ridgeland Correctional Institution officials and employees in connection with a disciplinary violation hearing that allegedly took place on March 31, 2010, again, nearly seven months ago. Lastly, Plaintiff alleges that he

is "being deprived of red flag separation into his warden jacket . . ." by several SCDC classification officials. He does not elaborate on what a "red flag" in a "warden jacket" means in the prison system. Noticeably absent from Plaintiff's Complaint are any factual allegations that could be liberally construed as asserting that Plaintiff is currently in any imminent danger of serious physical injury as the result of the March 2010 incident, or the hearing that resulted in his loss of privileges and sentencing credits, or from the denial of a "red flag" for his "warden jacket."

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*,

529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint submitted by Plaintiff is subject to summary dismissal unless Plaintiff pays the full three hundred fifty dollar ($350 filing fee) because Plaintiff is a struck-out prisoner.

As stated above, along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff's Motion should be denied, and the Complaint should be dismissed *without prejudice* unless he fails to pay the full three hundred fifty dollar ($350) filing fee. He must pay the filing fee because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil

litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g) after being struck out, a prisoner may prepay in full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

It can be judicially noticed that Plaintiff has filed more than three prior frivolous cases in this Court. *See, e.g.*, 28 U.S.C. § 1915(g); *Green v. Nottingham*, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively). The cases in which "strikes" have been entered against Plaintiff are Civil Action No. 8:97-2082-PMD-WMC; Civil Action No. 6:97-2132-PMD-WMC; Civil Action No. 6:97-3149-PMD-WMC; Civil Action No. 6:97-3150-PMD-WMC, and Civil Action No. 6:97-3178-PMD-WMC. Mr. Merriweather's status as a struck-out prisoner was explicitly and formally recognized over ten years ago by now-Senior District Judge Duffy in his March 21, 2000 Order in Civil Action No. 6:97-2132-PMD(Entry 89).

This Court may take judicial notice of Civil Action No. 6:97-2132-PMD-WMC and the other cases in which strikes have been entered. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970);*see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(same).

It must also be noted that the "three-strikes" rule is a

Congressional enactment that applies nationwide, and was not a judicially-created rule. The Congress, however, has determined that prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)(*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."). Plaintiff is clearly subject to the Prison Litigation Reform Act (PLRA) because the Complaint was filed more than fourteen years after the enactment of the PLRA on April 26, 1996. The Congress has determined that, unless they pay the full filing fee, prisoners subject to the "three strikes" rule have no remedy for civil rights violations that do not place them under the imminent danger of serious physical injury. The danger must be imminent at the time the Complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998)(to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint). The *Banos* court stated:

> The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. See § 1915(g).
>
> . . . .
>
> In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See*

> H.R.REP., No. 104-21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full. 28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. Id. If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full. * * * When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations. In order to implement this statutory scheme, we must determine if danger exists at the time Plaintiff seeks to file his complaint or notice of appeal IFP. Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.
>
> Applying this standard to Banos, we conclude that he is not entitled to proceed with this appeal IFP. He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed. We therefore REVOKE his IFP status and dismiss his appeal. The appeal may be reinstated if Banos pays the appeal fees within thirty days of this dismissal.

*Banos v. O'Guin*, 144 F. 3d at 884-885 (footnote omitted); see *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (district court may dismiss case *sua sponte* under "three-strikes" provision).

In light of Plaintiff's many prior strikes in the District of South Carolina, he cannot proceed *in forma pauperis* with this Complaint unless his claims satisfy the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2001); *Banos v. O'Guin*, 144 F.3d at 884-85. The Complaint filed in this case does not fit within this exception that would permit Plaintiff to proceed *in forma pauperis* because Plaintiff was not in imminent danger of serious physical injury from the corrections officials against whom he asserts constitutional violations

on September 26, 2010, when he signed the Complaint, or on September 28, 2010, when he delivered the pleadings to prison officials for mailing. (Entry 1). The incident of possible excessive force and medical indifference described by Plaintiff had taken place in March 2010, some six months previously and there are no allegations of continuing problems from the incident. The same is true of the allegations concerning the manner in which a March 2010 disciplinary hearing was conducted or its result. No physical injury was even associated with these allegations and, surely, no "imminent danger of serious physical injury" would arise six months after the hearing. Finally, Plaintiff's allegations do not associate any kind of physical injury with the denial of a "red flag" for his "warden jacket." Clearly, Plaintiff's allegations do not fit within the imminent danger-exception to the "Three-Strikes Rule." See Banos v. O'Guin, 144 F.3d at 884-85. Unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm. See, e.g., White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998); see also Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Plaintiff has not alleged to this Court why he is in such danger, from whom, and any factual allegations that would give this Court any reason to believe that he is actually in such danger. If pro se prisoners were allowed to get around § 1915(g) simply by claiming that they were in imminent danger of physical harm without providing the court with any substantial supporting allegations, it would completely defeat the purpose of § 1915(g).

Accordingly, if he wishes to proceed with this case, Plaintiff must

pay the full $350 filing fee. If Plaintiff pays the full filing fee in a timely manner, the Complaint will, then, be subject to review by the undersigned to determine if service of process should or should not be authorized.

### Recommendation

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **denied**.

It is further recommended that the District Court give Plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $350 filing fee.

If Plaintiff pays the full filing fee, this case should be returned to the undersigned magistrate judge to conduct a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or fails to seek an extension of time to do so, it is further recommended that, by a self-executing judgment or by additional order of this District Court, the Complaint be dismissed *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the Notice on the next page.

October 12, 2010  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).