IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Willie S. Merriweather, | ) | |
| | ) | C/A No. 2:10-CV-2567-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Doris Poole, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Willie Sylvester Merriweather ("Plaintiff") is an inmate currently in the custody of the South Carolina Department of Corrections (the "SCDC") at the Ridgeland Correctional Institution ("Ridgeland"). On October 4, 2010 he filed the within action, pro se, together with a motion for leave to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. Compl., ECF No. 1; Mot. To Proceed IFP, ECF No. 2. This matter is currently before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr, which recommends that Plaintiff's motion to proceed IFP be denied and the action be summarily dismissed, unless Plaintiff promptly pays the full filing fee. See R&R, ECF No. 7. For the reasons set forth below, the Court hereby GRANTS Plaintiff's motion to proceed IFP, but only as to his claims that he was the victim of excessive force. With regard to Plaintiff's other claims, the Court hereby ADOPTS the R&R and DENIES Plaintiff's motion to proceed IFP. Unless Plaintiff pays the required filing fee within 21 days of this Order, all claims other than the excessive force claims shall be summarily dismissed.

I.   **BACKGROUND**

Through his Complaint, Plaintiff alleges multiple civil rights violations, including two

separate allegations that he was the victim of excessive force at the hands of Ridgeland correctional officers.[1] First, Plaintiff claims that he was physically assaulted by four Ridgeland correctional officers on March 19, 2010 while he was in "the yard." Compl. 3, ECF No. 1. Plaintiff further asserts that, after the attack, he was denied prompt medical attention and SCDC denied his request that the incident be investigated. Instead, Plaintiff claims that he was wrongfully charged in the prison disciplinary system with disobeying an order. Id. Plaintiff was found guilty of that offense after a hearing on March 31, 2010 and, as punishment, the hearing officer "took [Plaintiff's] privilege [sic] for 180 days and added on 77 days . . . for . . . disciplinary detention time[.]" Id. at 4. Plaintiff contends that this violated both SCDC disciplinary policy and his due process rights. Id. The second excessive force incident detailed in Plaintiff's Complaint allegedly took place on May 27, 2010. Id. Again, Plaintiff claims that he was assaulted by Ridgeland correctional officers, who hit him repeatedly in the face and then gassed him. He complains separately of due process violations following this alleged incident. Id. Finally, Plaintiff complains that "[n]ow I'm also being deprived of red flag separation" in his "warden jacket." Id. In reparation for these alleged abuses, Plaintiff seeks various forms of legal and equitable relief, including "relief from confinement of SCDC"; correction of his "SCDC classification division"; money damages for "physical, emotional distress, anxiety, pain and suffering" in addition to attorney's fees and expenses "in the sum of

---

[1] In his Objections to the Magistrate Judge's R&R, Plaintiff complains that the R&R addresses the May 19th incident, but fails to address "May 27, 2010, and June 25, 2010 [when Plaintiff] was retaliated and assaulted [by Ridgeland correctional officers]." Pl.'s Obj. 1, ECF No. 11. The Court has carefully reviewed Plaintiff's Complaint and finds no allegations related a third incident of excessive force. If Plaintiff wishes to pursue a claim for an incident of excessive force that allegedly occurred on June 25, 2010, he will be required to amend his Complaint.

amount of $350,000"; a separate award of $25,000 for "wrongful detention"; removal of the "red flag" that was placed in his "warden jacket"; and an order that charges be brought by SCDC's internal affairs division against certain named correctional officers. Id. at 5.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. On October 13, 2010 the Magistrate Judge issued an R&R recommending that the Court summarily dismiss Plaintiff's Complaint, unless he pays the full filing fee by a date to be set by the Court. See R&R 8, ECF No. 7. Plaintiff filed objections to the R&R on November 1, 2010. See Pl.'s Obj., ECF No. 11.[2]

## II.   LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's R&R. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge

---

[2]   Approximately one week prior to filing these Objections, Plaintiff filed a document titled "Motion for Extension of Time To Show Cause of Imminent Injury Physical Danger: Records." ECF No. 9. Despite its title, the content of the motion sets forth no basis for granting Plaintiff additional time to demonstrate that he is in imminent injury; instead, it appears to request that the Court issue a preliminary injunction against prison officials that Plaintiff claims have been "calling him a snitch." Id. As such, it is irrelevant to the Court's review of the R&R and is referred to the Magistrate Judge in the first instance for consideration.

with instructions.  28 U.S.C. § 636(b).

**III.   ANALYSIS**

The Magistrate Judge recommends that the Court find that Plaintiff is prohibited from proceeding IFP pursuant to the Prison Litigation Reform Act (the "PLRA")'s so-called "three strikes" rule.  That rule is found in the section of the United States Code that addresses when litigants may proceed with a suit without prepayment of filing fees "or security therefor," commonly known as "proceedings IFP."  See 28 U.S.C. § 1915.  Specific rules apply to prisoners that seek to bring a civil action or appeal a judgment IFP, but generally they may do so provided that they submit certain documentation demonstrating that they are unable to pay the required fees.  See id.  However, under the "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. at § 1915(g).  Therefore, as a "struck out" prisoner, Plaintiff may only bring the within action if he either (1) pays the full filing fee or provides security therefor, or (2) is under "imminent danger of serious physical injury," in which case Plaintiff may proceed IFP.[3]  The "imminent danger"

---

[3] Plaintiff does not object to the Magistrate Judge's recommendation that the Court find that he is subject to the three strikes rule.  The Court may take judicial notice of the disposition of prior civil actions brought by Plaintiff as a prisoner and is satisfied that Plaintiff qualifies as a "struck out" prisoner under the PLRA.  See, e.g., Order Granting Summ. J. 8, Merriweather v. Moore, et al., No. 9:97-CV-2132-PMD (D.S.C. July 28, 1997), ECF No. 89 (finding Plaintiff had accumulated two prior strikes and ordering that "this matter be deemed [the third] 'strike' against Plaintiff for purposes of the 'three-strikes rule'"); see also  Order Granting Summ. J., Merriweather v. Johnston Police Dep't, No. 6:97-CV-2037-PMD (D.S.C. July 11, 1997), ECF No. 24; Order Granting Summ. J.,

exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct" and "the requisite imminent danger of serious physical injury must exist at the time the complaint . . . is filed . . . ." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (citations omitted). Conclusory and general assertions are "insufficient to invoke the exception . . . absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. In considering whether Plaintiff has made the requisite showing, the Court reads Plaintiff's pro se allegations and objections broadly. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Orpiano, 687 F.2d at 48.

In the instant case, Plaintiff complains that he was twice subject to excessive and unconstitutional force at the hands of correctional officers at the SCDC institution in which Plaintiff is currently incarcerated and that, afterward, he was denied prompt medical attention. In his Objections, Plaintiff makes clear that he meant to complain that the second alleged incident of excessive force was "retaliat[ion]." Pl.'s Obj. 1, ECF No. 11; see also Compl. 3, ECF No. 1 (stating that Plaintiff seeks relief for an "unconstitutional sentence, trial [sic] as well as . . . being retaliated [against] by [Ridgeland correctional officers]"). Interpreting Plaintiff's allegations generously and assuming them to be true for the purposes of the present IFP motion, the Court finds that an inmate that alleges that he was the victim of relatively recent retaliatory and unconstitutional attacks, who was denied prompt medical care for injuries suffered as a result of those attacks, and who remains at the institution at which the attacks occurred, has alleged a pattern of misconduct evidencing the

---

Merriweather v. Edgefield Cnty. Sheriff, et al., No. 6:97-CV-1890-PMD (D.S.C. July 1, 1997), ECF No. 33.

5

likelihood of imminent serious physical injury. Cf. Fletcher v. Menard Corr. Ctr., 623 F.3d 1171, 1172–73 (7th Cir. 2010) (finding plaintiff's allegations that prison guards used excessive force to restrain him and then denied him medical treatment for two days sufficient to qualify for imminent danger exception); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (finding plaintiff who alleged that prison officials had twice knowingly placed him in a situation with hostile inmates who then attacked him qualified for imminent danger exception). Accordingly, the Court GRANTS Plaintiff's motion to proceed IFP on his claims that he was subject to excessive force. With regard to Plaintiff's other claims, the Court has carefully reviewed Plaintiff's Objections and the relevant portions of the record and agrees with the Magistrate Judge that there is no basis for finding that the risk of the complained-of conduct threatens Plaintiff with continuing or future injury. As such, Plaintiff's motion to proceed IFP as it relates to the remainder of his claims is DENIED.

## IV.    CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's motion to proceed IFP, but only as it relates to his excessive force claims. As to all other claims asserted by Plaintiff, his motion to proceed IFP is DENIED. As a result, the remainder of Plaintiff's claims will be summarily dismissed, unless Plaintiff files the requisite filing fee within 21 days of the date of this Order. This matter is hereby recommitted to the Magistrate Judge for further proceedings not inconsistent with this Order.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

Columbia, South Carolina  
July 18, 2011